duly certified representative of the non-professional employees of its nursing home in Hastings, Michigan. The Company based its refusal to bargain on the grounds that the certification of the Union in the underlying representation proceeding was invalid.

We have considered the record, the briefs and oral arguments of counsel, and conclude that the Board properly found that the admitted refusal of the Company to bargain with the Union was a violation of the Act and that the order of the Board should be enforced.

It is so ordered.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

The final order of the district court is reversed and the case is remanded with directions to vacate the judgment of conviction and sentence of the appellant for violation of 26 U.S.C. § 4744(a). Harrington v. United States, 5th Cir. 1971, 444 F.2d 1190. The mandate of this Court will issue forthwith.

Reversed and remanded, with directions.

John T. STEVENS, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 29833

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 14, 1971.

Sam Monk Zelden, New Orleans, La., for petitioner-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for respondent-appellee.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

UNITED STATES of America, Plaintiff-Appellee,

v.

Dwight DANIEL, Defendant-Appellant.

No. 71–1326

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 9, 1971.

Roger R. Auman, Trenton, Ga. (court-appointed), for defendant-appellant.

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 431 F.2d 409, Part I (5th Cir. 1970).